IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Tennie Parson,                                            3:08CV2461

        Plaintiff

    v.                                                   ORDER

CSX Transportation, Inc.

        Defendant


This is a case under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, in which the plaintiff, Tennie Parsons,[1] claims to have suffered knee injuries as a result of uneven surface conditions in the areas in which she worked for defendant CSX Transportation (CSX).

Jurisdiction is proper under 28 U.S.C. § 1331. Pending is defendant's motion for summary judgment. [Doc. 23]. For the reasons that follow, the motion shall be denied.

**Background**

Plaintiff worked as a conductor for defendant for seven years. In that job, plaintiff walked in the railroad yard and climbed on and off equipment.

---

[1] Plaintiff's name is spelled "Parson" in her complaint, but "Parsons" in her deposition and opposition motion.

Plaintiff served as chair of the yard's safety committee from 2003 to 2006. The safety committee met monthly and consisted of union and company representatives. As a member of the committee, plaintiff conducted field inspections of work areas and reported unsafe conditions. Some of the conditions plaintiff noticed and reported included: debris between the rails, muddy conditions, and water.

Plaintiff testified that the company would "put the ballast down but they didn't bother smoothing down the dirt underneath it." [Doc. 25, at 120]. Plaintiff also testified that "they brought in ballast but they didn't bother to clean up the holes, so if you were walking and watching them bring in the train, you'd step in this big hole, dip." [*Id.* at 120-21].

Plaintiff testified that the walking conditions included "[l]umpy, uneven, narrow [walking areas] where you had to put one foot in front of the other in order to not twist yourself." [*Id.* at 59].

Plaintiff additionally testified that the slope of the ground near the engines made it difficult to get on and off equipment and that she had to walk up the side of hills that were "[s]teep enough to where you would have to incline yourself forward and put a lot of weight on your knees." [*Id.* at 117].

Plaintiff began having knee pain around 2002. She first felt pain in her right knee while walking, climbing steps and sitting for extended periods. She testified that she initially attributed this pain to getting older.

In August, 2004, plaintiff visited Dr. John Kovesdi, who noted that plaintiff told him "[t]he knee is more painful with her work activities at the railroad more so than at home because she can 'rest it better at home.'" [Doc. 26-1, at 1]. Dr. Kovesdi advised plaintiff that she had "osteoarthritic

2

changes of the knee and possibly in addition has a degenerated tear of the medial meniscus." [*Id.*]. He also told plaintiff that she might, at some point, need a total knee replacement.

In February, 2006, plaintiff again saw Dr. Kovesdi for "bilateral knee pain." He noted plaintiff had "daily swelling, daily stiffness, and daily limp in the right knee" and "increasing giving way episodes." [*Id.* at 5]. He recommended "total knee arthroplasty for her right knee." [*Id.* at 6].

In March, 2006, plaintiff first saw Dr. Michael Powers for her knee pain.

Plaintiff stopped working for defendant on December 8, 2007.

Dr. Powers performed a right knee replacement in January, 2008, and a left knee replacement in April, 2009.

Plaintiff filed the instant suit on October 17, 2008.

## Standard of Review

A party is entitled to summary judgment on motion under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, I accept the opponent's evidence as true and construe all evidence in the opponent's favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc*., 504

U.S. 451, 456 (1992). The movant can prevail only if the materials offered in support of the motion show there is no genuine issue of a material fact. *Celotex*, *supra*, 477 U.S. at 323.

## Discussion

Defendant's motion has, in essence, two bases: 1) lack of proof of negligence; and 2) with regard to plaintiff's right knee replacement, failure to file suit within the three-year limitations period.[2]

The FELA provides that employees of common carrier railroads may recover for work-related injuries caused in whole or in part by a railroad-employer's negligence. *See* 45 U.S.C. § 51-60.

Congress enacted the FELA as a "broad remedial statute" to assist railroad employees when an employer's negligence causes injury. *Atchison, Topeka & Santa Fe Railway Co. v. Buell*, 480 U.S. 557, 561-62 (1987). The FELA is a "response to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety." *Sinkler v. Missouri Pacific Railroad Co.*, 356 U.S. 326, 329 (1958). I am to read the Act liberally in favor of injured railroad employees. *Urie v. Thompson*, 337 U.S. 163, 180 (1949).

To assert a *prima facie* case under the FELA, a plaintiff must prove that: 1) she was "injured within the scope of her employment"; 2) her "employment was in furtherance of defendant's interstate transportation business;" 3) defendant was negligent; and 4) defendant's negligence "played some part in causing the injury for which [plaintiff] seeks compensation under FELA." *Van Gorder v. Grand Truck W. R.R., Inc.*, 509 F.3d 265, 269 (6th Cir. 2007).

---

[2] Plaintiff concedes that, to the extent that she seeks damages due to ballast *size*, her claim is without merit under prevailing Sixth Circuit law. She has, though, preserved that claim for purposes of appeal.

A plaintiff must "present more than a scintilla of evidence in order to create a jury question on the issue of employer liability, but not much more." *Aparicio v. Norfolk & W. Ry.*, 84 F.3d 803, 810 (6th Cir. 1990).

**A. Negligence**

Defendant argues that plaintiff has not shown that it breached any duty owed to plaintiff. Plaintiff contends that she has provided sufficient evidence of negligence.

Defendant correctly contends that railroad work usually involves working and walking on uneven surfaces, and plaintiff, to prevail, must show negligence on the railroad's part. *See Adams v. CSX Transp., Inc.*, 899 F.2d 536, 539 (6th Cir. 1990) (noting that a FELA plaintiff must "prove the traditional common law elements of negligence: duty, breach, forseeability, and causation" (quoting *Robert v. Consol. Rail Corp.*, 832 F.2d 3, 6 (1st Cir. 1987))).

Plaintiff thus may not recover simply because she is injured in the course of her employment on the railroad. *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994) ("FELA does not make the employer the insurer of the safety of [its] employees while they are on duty. The basis of [its] liability is negligence, not the fact that injuries occur.").

Plaintiff similarly may not recover simply because of conditions encountered as part of her job requirements. *See Stevens v. Bangor & Aroostook R. Co.*, 97 F.3d 594, 598 (1st Cir. 1996) ("The employer's duty to maintain a safe workplace does not require all dangers to be eradicated, but it does demand the elimination of those that can reasonably be avoided *in light of the normal requirements* of the job.") (emphasis added).

Rather, a railroad breaches its duty to its employees when it fails to use ordinary care under the circumstances or fails to do what a reasonably prudent person would have done under the

5

circumstances to make the working environment safe. *Tiller v. Atlantic C.L.R. Co.*, 318 U.S. 54, 67 (1943); *Aparicio*, *supra*, 84 F.3d at 811 ("[A] railroad breaches its duty to its employees by failing to provide a safe working environment if it knew or should have known that it was not acting adequately to protect its employees."); *accord Stevens*, *supra*, 97 F.3d at 598.

As the First Circuit explained: "[r]easonable care must be reasonable in light of the normal requirements of the job. A yardman dealing with moving cars cannot expect the same safety as a clerical worker in a ticket office." *Conway v. Consol. Rail Corp.*, 720 F.2d 221, 223 (1st Cir. 1983). In *Conway*, a railroad conductor was assisting a passenger when the passenger dropped a suitcase and injured the conductor. There, the court explained that handling luggage was simply "part of the work" of a conductor and thus the plaintiff-conductor could not show negligence on the railroad's behalf. *Id.*

Defendant is correct that plaintiff cannot recover simply by showing that her injury is in some way related to her job, *see Gottschal.*, *supra*, 512 U.S. at 543, or because she was required, in her job as a conductor, to walk on ballast – which by its very nature is uneven – or to get on and off equipment – which is required as part of the conductor job – *see Stevens*, *supra*, 97 F.3d at 598 (noting that an employer's duty is only to eliminate those dangers "that can reasonably be avoided *in light of the normal requirements of the job*") (emphasis added). To the extent thus that plaintiff argues that simply walking in the yard on inherently uneven surfaces or climbing on and off equipment caused her injury, these tasks are merely "part of the work," *Conway*, *supra*, 720 F.3d at 223, and she cannot recover.

Here, however, plaintiff has submitted evidence – namely, her own observations as a member of the safety committee[3] – that she encountered unreasonably uneven walking conditions. Plaintiff has specifically provided evidence that there was debris between the rails and water and mud in the yard, and when the defendant put ballast down, it did not smooth out the ground underneath or fill in holes.

Plaintiff also testified that the slope of the ground near the engines made it difficult to get on and off equipment and that she was required to walk up very steep hills.[4] Plaintiff's evidence of these conditions – which are not merely "part of the work," but rather could be seen as unreasonably unsafe conditions – suffices to overcome defendant's contentions about complete absence of proof of negligence.

---

[3] *See Williams v. Long Island R.R. Co.*, 196 F.3d 402, 407 (2d Cir. 1999) (finding it error for a district court to grant judgment as a matter of law to defendant when "based on the plaintiff's testimony alone, there was sufficient evidence of negligence to warrant sending the case to the jury").

[4] Defendant relies on *Przbylinski v. CSX Transp., Inc.*, 292 F. App'x 485 (6th Cir. 2008) to argue that any claim relating to an uneven surface must fail. *Przbylinski*, however, is distinguishable from this case. Plaintiff in that case argued that she tripped and injured herself because of one of three conditions on the property. She could not, however, identify which of the conditions caused the fall, and thus, the court concluded, "ha[d] not presented evidence from which the jury could find which condition rendered the working environment unsafe." *Id.* at 489.

The court in *Przbylinski* also noted that one of the conditions plaintiff alleged as the cause of her fall was an "uneven walking surface between two sections of metal grating at the seam, which the record show[ed] to be a 1/4 inch difference in grade." *Id.* The court held that it was "not unreasonable to have such de minimis irregularities in a walking surface" and that "[a]s a matter of law a 1/4 inch difference in grade on a walking surface is not enough to establish that a railroad breached its duty to provide a reasonably safe workplace." *Id.*

Here, in contrast to *Przbylinski*, plaintiff alleges injury resulting from (and provides evidence regarding) more than "*de minimis* irregularities." *Id.*

A reasonable jury could conclude that defendant improperly maintained walking surfaces in breach of its duty to provide a reasonably safe workplace. Defendant's motion for summary judgment on those grounds is therefore denied.[5]

## B. Statute of Limitations

With regard to defendant's motion for summary judgment as to the right knee, defendant relies on plaintiff's statement to Dr. Kovesdi in 2004 – outside the statute of limitations – that her work on the railroad aggravated pain in her right knee. In January, 2008, plaintiff had a right knee replacement. She contends that the need for a knee replacement resulted from her having to walk and work on unreasonably uneven surfaces.

Plaintiff argues that a reasonable jury could find that she did not know or should have known until February, 2006, of the extent of her right knee injury and causal relationship to her work.

The statute of limitations for a cause of action under the FELA is three years. 45 U.S.C. § 56. The statute begins to run when a reasonable person knows or in the exercise of due diligence should have known of both the injury and its governing cause. *Campbell v. Grand Truck R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).

---

[5] Defendant's motion does not challenge the foreseeability or causation elements of negligence. Plaintiff, has, in any case, provided evidence of both.

"[R]easonable forseeability of harm is an essential ingredient of [FELA] negligence." *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 117 (1963). FELA "relaxes a plaintiff's standard of proof regarding causation," *Van Gorder*, *supra*, 509 F.3d at 269, and the "test of a jury case is whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury." *Rogers v. Mo. Pac. R.R.*, 352 U.S. 500, 506 (1957).

Plaintiff testified that as a member of the safety committee she reported the assertedly dangerous conditions to the company. This suffices to show the company had notice. Dr. Michael Powers opined that Parsons' knee injuries are causally related, in part, due to her work environment.

The Sixth Circuit distinguishes "between aggravation of a time-barred injury and a claim that is distinct from previous injuries." *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 590 (6th Cir. 2001) (holding that plaintiff created a genuine issue of fact regarding whether cumulative injury resulting in continuous discomfort in his hands was distinct from frequent but temporary pain experienced for previous twenty-seven years); *accord Green v. CSX Transp., Inc.*, 414 F.3d 758, 764-65 (7th Cir. 2005) (holding that plaintiff's previous intermittent shoulder pain was distinct from an injury that would "put a reasonable person on notice that she had suffered a cognizable injury and must sue or risk losing her right to do so" and thus start the statute of limitations running).

If faced with evidence that the injury in question is separate from a prior injury, or merely aggravation of a prior injury, I "need not decide which characterization of the injury is accurate; rather [I] must simply determine whether the evidence is sufficient for a reasonable jury to find in favor of [plaintiff]." *Fonseca*, *supra*, 246 F.3d at 590.

Plaintiff filed the instant suit on October 17, 2008. To be timely, thus, plaintiff must not have known or be expected to know of her injury until on or after October 17, 2005.

Whether plaintiff knew or had reason to know of the connection between an injury and its subsequently claimed cause for statute of limitations purposes, is, in this case, for the jury to determine. Despite the 2004 statement on which the defendant bases its motion for summary judgment as to the claim for the right knee, the facts about when the statute of limitations began to run are sufficiently in dispute that summary judgment is not warranted. *Id.*

Plaintiff has provided sufficient evidence from which a reasonable jury could conclude that she should not have known of the injury until after the statute of limitations began to run. *Id.*

9

**Conclusion**

It is, therefore,

ORDERED THAT defendant's motion for summary judgment [Doc. 23] be, and the same hereby is denied.

A telephonic pretrial to confirm the settlement conference and trial dates is set for June 8, 2010 at 9:00 a.m.

So ordered.

<u>s/James G. Carr</u>
James G. Carr
Chief Judge