IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tennie Parsons,                                      Case No. 3:08 CV 2461

                  Plaintiff,        MEMORANDUM OPINION
                                    AND ORDER

      -vs-                                   JUDGE JACK ZOUHARY

CSX Transportation, Inc.,

                  Defendant.

### INTRODUCTION

This matter is before the Court upon Defendant's Bill of Costs (Doc. No. 111). Plaintiff filed an Objection (Doc. No. 112). For the reasons that follow, Defendant's Bill of Costs is granted in part and denied in part.

Plaintiff Tennie Parsons ("Parsons") was employed by Defendant CSX Transportation, Inc. ("CSX") as a railroad worker. Parsons sued CSX under the Federal Employers' Liability Act ("FELA"), claiming that injuries suffered at work were due to CSX's negligent acts or omissions in failing to provide for a reasonably safe work environment. A jury trial commenced on August 9, 2010, and a verdict was rendered in favor of CSX on August 12, 2010 (Doc. No. 107).

Pursuant to Federal Civil Rule 54(d)(2)(B)(i), CSX timely filed its Bill of Costs, requesting costs be awarded for: (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (2) fees and disbursements for printing; and (3) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case (Doc. No. 111).

**STANDARD**

Federal Civil Rule 54(d) states "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Sixth Circuit limits the award to costs itemized in 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). Because Rule 54(d) establishes a norm of action entitling the prevailing party to its costs as of course, a district court's discretion to depart from the rule and deny costs is more limited than it would be if the rule were "nondirective." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730-32 (6th Cir. 1986).

Section 1920 provides in pertinent part that "a judge or clerk of any court of the United States may tax as costs . . . (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; [and] (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

**DISCUSSION**

CSX petitions this Court for an award of $8,663.88 for costs as the prevailing party in the litigation. Specifically, CSX requests: (1) $6,988.70 in fees for printed or electronically recorded depositions and trial transcripts; (2) $792.70 in fees for photocopying; and (3) $882.48 in fees for obtaining copies of Parsons' medical records (Doc. No. 111).

In her Objection, Parsons submits that this Court has the discretion and is justified in denying CSX's Bill of Costs in its entirety. Alternatively, upon this Court's award of costs to CSX, Parsons

2

raises objections to fees for deposition and trial transcript costs, photocopying expenses, and costs of obtaining Parsons' medical records.

In the Sixth Circuit, the unsuccessful party has the burden "to show circumstances sufficient to overcome the presumption" favoring an award of costs to the prevailing party. *White & White, Inc.,* 786 F.2d at 732. Such circumstances may exist in cases where: (1) the taxable expenditures are unnecessary or unreasonably large; (2) the prevailing party should be penalized for unnecessarily prolonging the trial or injecting unmeritorious issues; (3) the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the nonprevailing party; and (4) the case is "close and difficult." *Id.* at 730. Additional factors a court may consider include whether the losing party was reasonable and brought the action in good faith, and whether awarding costs could have a chilling effect on litigants bringing complex matters against large corporations. *Id.* The court in *White & White* stated that "examples of inappropriate factors include the size of a successful litigant's recovery . . . and the ability of the prevailing party to pay his or her costs." *Id.*

Furthermore, the Sixth Circuit has held that "among the factors the district court may properly consider in denying costs to a prevailing party [is] . . . the losing party's inability to pay." *Texler v. Cnty. of Summit Bd. of Mental Retardation & Dev. Disabilities*, 1994 U.S. App. LEXIS 14421, at *25-*26 (6th Cir. 1994) (citing *Congregation of the Passion v. Touche Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). The losing party "must demonstrate that payment would be a burden and that he is indigent . . . in order to show inability to pay." *Rashid v. Commc'ns Workers of Am.*, 2007 WL 315355, at *3 (S.D. Ohio 2007). A district court's denial of costs to the prevailing party due to the losing party's inability to pay must be supported by an "explicit finding" of fact and an "explanation." *Texler*, 1994 U.S. App. LEXIS 14421, at *26-*28.

3

Parsons maintains that sufficient circumstances exist to overcome the presumption favoring an award of costs to CSX as the prevailing party. First, Parsons claims she is unable to pay. Parsons is disabled, suffering from multiple debilitating health issues. She also assists with the care of her disabled grandchild. Parsons declares that her only source of income is her documented receipt of monthly disability payments from the U.S. Railroad Retirement Board (Doc. No. 112-1). In light of these circumstances, Parsons claims she is indigent and will suffer tremendous personal and financial hardship if this Court requires her to pay any costs awarded to CSX. Furthermore, Parsons contends that her claim for compensation under the FELA was reasonable and brought in good faith, was arguably a "close and difficult" case, and that the award of costs to CSX will have a chilling effect on other railroad employees who have suffered work-related injuries caused by the railroad's negligence when considering whether to pursue their claims in federal court.

After careful review of the record and Parsons' personal and financial circumstances described above, this Court is persuaded that taxing all of CSX's claimed costs to Parsons would impose the type of significant burden envisioned by the courts in *White & White*, *Texler*, and *Rashid*. However, in order to balance the interests of individual railroad employees that may bring similar cases, against CSX's ongoing interest in limiting defense litigation costs, this Court believes an equitable sharing of the costs is appropriate.

Accordingly, this Court awards CSX the reasonable costs incurred for the deposition and trial transcripts of only those individuals who appeared as witnesses at trial and for the reasonable costs for obtaining Parsons' medical records as detailed below.

4

**Fees Related to Depositions**

CSX requests $6,988.70 for fees incurred for court reporters and copies of depositions and trial transcripts.

Section 1920(2) allows costs for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Transcripts of depositions and related fees are included under Section 1920(2) when used during trial. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). Fees for postage, including shipping and handling charges, are overhead and are not taxable under Section 1920(2). *See Elabiad v. Trans-West Exp., LLC*, 2006 WL 1866137, at *2 (N.D. Ohio 2006). The party challenging the award of costs has the burden to initially identify "which particular deposition costs are unreasonable and unnecessary." *Hartford Fin. Serv. Grp., Inc.*, 2007 U.S. Dist. LEXIS 22528, at *13 (N.D. Ohio 2007).

This Court has reduced the taxable deposition costs to depositions of those individuals who appeared as witnesses at trial. Of these depositions costs, Parsons further objects to the following specific expenses:

**Deposition of Tennie Parsons**

CSX requests $612.30 in costs for the deposition of Tennie Parsons. Of this sum, Parsons specifically objects to the postal charge of $25. CSX's cost for postage of the deposition are not taxable. CSX is awarded **$587.30**.

**Deposition of Dr. Michael Powers**

CSX requests $558.15 in costs for the deposition of Dr. Michael Powers. Parsons specifically objects to the entire sum because CSX does not set forth with particularity the expenses incurred for the deposition and postage. While CSX's cost for postage of the deposition is not taxable, this Court

5

does not find it necessary or productive to discern what portion of the invoice is attributable to postage. This Court finds that the deposition costs for Dr. Michael Powers are taxable. CSX is awarded **$558.15**.

### Deposition of Dr. Tyler Kress

CSX requests $390.90 in costs for the deposition of Dr. Tyler Kress. Of this sum, Parsons specifically objects to the $25 charge for electronic transcript copy and the postal charge of $14. CSX's costs for the electronic transcript copy and postage of the deposition are not taxable. CSX is awarded **$351.90**.

### Deposition of Dr. Amy Smittle

CSX requests $524.40 in costs for the deposition of Dr. Amy Smittle. Parsons specifically objects to the entire sum because CSX does not set forth with particularity the expenses incurred for the deposition and postage. While CSX's cost for postage of the deposition is not taxable, this Court does not find it necessary or productive to discern what portion of the invoice is attributable to postage. CSX is awarded **$524.40**.

### Deposition of Roger Cooper

The deposition costs of Roger Cooper amount to $352.50. Parsons has not specifically objected to these costs, and the Court awards CSX **$352.50.**

### Deposition of Dr. Stephen Messier

CSX requests $510.90 in costs for the deposition of Dr. Stephen Messier. Of this sum, Parsons specifically objects to the $10 postal charge. CSX's cost for postage of the deposition are not taxable. CSX is awarded **$500.90**.

6

### *Deposition of Robert Nathan Henderson*

The deposition costs of Robert Nathan Henderson amount to $367.50.  Parsons has not specifically objected to these costs, and the Court awards CSX **$367.50.**

### *Deposition of Dr. Catherine Holladay*

CSX requests $328.10 in costs for the deposition of Dr. Catherine Holladay.  Of this sum, Parsons specifically objects to the $31 shipping and handling charge.  CSX's cost for shipping and handling of the deposition are not taxable.  CSX is awarded **$297.10**.

Based on the above, this Court awards CSX a total of **$3,539.75** for deposition costs.

## Fees for Trial Transcripts

Although Section 1920 allows the Court to award costs of court reporter fees for a transcript, these fees are limited to those transcripts that are "necessarily obtained for use in the case."  *See White & White, Inc.*, 786 F.2d at 729-32 (upholding the denial of costs for the daily trial transcript as unnecessary despite the fact the trial took eighty days and included testimony from forty-three witnesses).

CSX requests fees for the reproduction of the trial testimony of Dr. Tyler Kress in the amount of $321.60 and Parsons in the amount of $435.50.  Parsons specifically objects because CSX was not required to obtain a copy of Dr. Kress' or Parsons' testimony in order to defend this case.  This Court finds that the trial transcript was not used by counsel during arguments, and was not otherwise necessary for the trial.  These costs are not taxed to Parsons.

## Fees for Document Photocopying

CSX requests $792.70 for fees incurred in photocopying documents for the litigation.

In this District, a prevailing party may recover for the costs of photocopying.  *Arthur S. Langenderfer, Inc. v. S. E. Johnson Co.*, 684 F.Supp. 953, 961 (N.D. Ohio 1988).  However, the Sixth Circuit has cautioned that a court should not "rubber stamp" a party's photocopying expenses. *Bowling v. Pfizer, Inc.,* 132 F.3d 1147, 1152 (6th Cir. 1998).  The expense for photocopying must be reasonable.  *Langenderfer*, 684 F.Supp. at 961.  Furthermore, the party seeking reimbursement for costs has the burden to show that the copies were necessary for use in the case; so-called "convenience copies" or extra copies for use of the party seeking recovery of costs are ordinarily not recoverable.  *Kelly v. Montgomery Lynch & Assoc., Inc.*, 2008 WL 4560744, at *6 (N.D. Ohio 2008).

Upon review, this Court finds that CSX has not met its burden of proof with respect to photocopying costs.  In Exhibit B of the Bill of Costs, "Photocopy Expenses," CSX provides a general list of dates, number of pages copied, and costs for photocopying (Doc. No. 111-3).  While the costs per copy appear to be reasonable, CSX provides no explanation of why these photocopies were necessary for use in the trial.  Therefore, CSX's request for photocopying costs is denied.

**Fees for Obtaining Medical Records**

CSX requests $882.48 for fees incurred in obtaining medical records of Parsons.  Parsons raises no specific objection to the cost of each medical record other than the general objection that the party seeking reimbursement for the costs of reproducing documents must show that the copies were necessary for use in the case.

The Sixth Circuit has allowed reimbursement of reasonable costs incurred in obtaining medical records when such records were "necessarily obtained for use in the case."  *Roll v. Bowling Green Metal Forming*, 2010 WL 3069106, at *1 (W.D. Ky. 2010) (citing *Mitchell v. City of San Diego Police Dept.*, 2005 WL 824014, at *1 (9th Cir. 2005)).

8

Here, Parsons' medical condition was at issue because the cause of action was directly related to physical injuries suffered in the workplace.  Furthermore, CSX has provided detailed invoices documenting the purpose and reasonable costs incurred for producing Parsons' medical records (Doc. No. 111-4).  The medical records sought by CSX were necessarily obtained for use in the case and such costs for obtaining the medical records minus postage are properly taxed to Parsons.  CSX is awarded **$852.60**.

CONCLUSION

For the foregoing reasons, CSX's Bill of Costs is granted in part and denied in part.  CSX is awarded total costs in the amount of **Four Thousand, Three Hundred Ninety-Two Dollars and 35/100 ($4,392.35).**

IT IS SO ORDERED.

_____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 30, 2010

9